IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK B. SAIS,

    Plaintiff,

v.                                                                                  No. 1:25-cv-00934-KWR-JMR

OLIVIA CHAVEZ,

    Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

    Plaintiff, who is proceeding *pro se*, filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed September 26, 2025 ("Complaint"). United States Magistrate Judge Jennifer M. Rozzoni notified Plaintiff that pages 3-5 of the form Complaint were not included in the Complaint and ordered Plaintiff to file a complete amended complaint. *See* Order at 1, 5, Doc. 5, filed September 30, 2025 (notifying Plaintiff that failure to timely file an amended complaint may result in dismissal of this case). Plaintiff did not file an amended complaint by the October 21, 2025, deadline.

    The Court dismisses the original Complaint because it fails to state a claim pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). Plaintiff states the background of his case as follows:

> To be heard on my qualifying petitions that Bernalillo County was not ready for me to be on the ballot for the mayoral race for Albuquerque New Mexico. They couldn[']t produce what signatures didn[']t qualify.

Complaint at 2.  Plaintiff did not include pages 3-5 of the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" which prompt plaintiffs to identify the constitutional rights plaintiffs allege have been violated, to include supporting facts including names of persons involved and describing how each defendant is involved, and to state the relief plaintiffs seeks.  Plaintiff states the Court has jurisdiction under "1-22-10 and 1-18-16A." It appears Plaintiff is referencing New Mexico statute N.M.S.A. § 1-22-20, Candidate qualification; challenges; ballots.  The Court was unable to locate N.M.S.A. § 1-18-16A.  There are no factual allegations showing that Defendant deprived Plaintiff of a federally protected right.

The Court dismisses this case without prejudice because the Court has dismissed Plaintiff's original Complaint for failure to state a claim and Plaintiff has not complied with Judge Rozzoni's Order to file an amended complaint.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

                                                   /S/ KEA W. RIGGS
                                               **UNITED STATES DISTRICT JUDGE**